Curia per
Nott, J.
I doubt very much whether the ■Judge, at Chambers, ought to have granted this motion.— The investigation might have required a resort to measures which a Judge at Chambers, would have found it difficult to enforce. But he might have ordered the execution to be stayed until the sitting of the Court, where the matter might have been investigated. The question, therefore, now is, whether the circumstances of the case are such as authorized such a course to be pursued. The ground on which the motion was refused, is stated in the opinion of the Judge tobe, “ that the service of the process, proved by the oath of the officer serving it, was to be preferred to the oath of the party.” It is true, the oath of the party is not to prevail against the oath of the officer in whom the law has reposed a confidence; but when the return of the Sheriff is ambiguous upon its face, or where it may be rendered so by evidence aliunde, then the oath of the party is sufficient to require the officer so to amend his return as to remove the ambiguity and to present the truth to the view of the Court. In this case, the Sheriff returns that he left a copy of the process at the most usual and notorious place of abode of the defendant. But the Sheriff is not the exclusive judge of the usual and most notorious place of abode of the party. It is a fact in which he may very well be mistaken, and one which may be usually proved by other evidence than that of the party. Whenever, therefore, reasonable cause is shewn to authorize the belief that he may have been mistaken, he ought to be required to amend his return, so as to point, *370 out the place where the copy process was left, so that the Ruth of the matter may be ascertained; and in this case, I think, the proof was abundantly sufficient for the purpose, if it should turn out, upon an amendment of a return, that the Sheriff had left the process at a wrong place, the service would be void. If not, the return of the Sheriff must prevail. But it is a question which does hot necessarily imply a conflict of evidence. It would be a most alarming state of things, if the oath of a deputy Sheriff were to be conclusive to any amount in such a case, and that the Court should not be competent to en-quire into the truth of the fact It'is no answer, to say, that the party may have his action against the Sheriff.— That would be a very inadequate remedy for the injury which he might have sustained. I ain of opinion that the Judge should have ordered a stay of the execution until the motion could have been heard. And this Court will now make the order whieh ought then to have been made. The Judge, before whom the motion is ¡nade, may always lay the parties under such terms as are best calculated to effect the justice of the case. It is, therefore, ordered' that the execution in this case be suspended until the meeting of the next Court, in Charles ton, and until the motion can be heard in that Court.

Execution suspended.